**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| TERESA GAYLE BELLAMY, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:13-cv-179-RLY-WGH |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**
**and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Teresa Gayle Bellamy ("Ms. Bellamy") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On January 13, 2010, Ms. Bellamy was charged in a two-count Indictment. 3:10-cr-0001-RLY-WGH-1. Count 1 charged Ms. Bellamy with interference with interstate commerce by commission of a robbery, in violation of 18 U.S.C. § 1951. Count 2 charged Ms. Bellamy with brandishing a firearm during and in relation to a robbery, in violation of 18 U.S.C. § 924(c).

On August 3, 2010, Ms. Bellamy filed a Petition to Enter a Plea of Guilty and Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). The Plea Agreement provided that Ms. Bellamy would plead guilty to Counts One and Two as charged in the Indictment. In exchange for the defendant's plea of guilty and cooperation with the government, the government agreed to recommend a sentence at the low end of the guideline range determined by the Court and recommend a three-level reduction for acceptance of responsibility.

The Plea Agreement was governed by Fed. R. Crim. P. 11(c)(1)(B) and Ms. Bellamy agreed that the determination of her sentence was within the discretion of the Court. Ms. Bellamy further acknowledged that if the Court imposed a sentence higher or lower than any recommendation of either party, determined a different sentencing guideline range applies, or sentenced her outside the applicable sentencing guideline range, then she would not be permitted to withdraw her plea of guilty for that reason.

In exchange for the concessions made by the government, Ms. Bellamy "expressly waive[d] her right to appeal the conviction and sentence imposed in this case on any ground, . . . [and] also expressly agree[d] not to contest her conviction and sentence or the manner in which her conviction and sentence were determined in any proceeding, including, but not limited to, an action brought under Title 18, United States Code, Section 2255." Dkt. 25, ¶14.

On August 20, 2010, a plea hearing was held. The Court read the Indictment and advised Ms. Bellamy of her rights and penalties. The Court also read the plea agreement and noted that both the parties agreed with the terms. The Court ruled that the government established the factual basis for the plea and Ms. Bellamy agreed with the factual basis. The Court determined that Ms. Bellamy was fully competent and capable of entering an informed plea. The Court accepted Ms. Bellamy's plea and adjudged her guilty of Counts 1 and 2 of the Indictment.

On November 15, 2010, the Court sentenced Ms. Bellamy to a total of 114 months in prison, to be followed by three years of supervised release. Ms. Bellamy was also assessed the mandatory assessment of $200. The judgment of conviction was entered on November 22, 2010.

Complying with the terms of her plea agreement, Ms. Bellamy did not appeal her conviction or her sentence. On September 15, 2013, Ms. Bellamy filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In her § 2255 motion, Ms. Bellamy asserts that she is actually innocent of the crimes to which she pled guilty. The United States argues that Ms. Bellamy's § 2255 motion is time-barred and barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on the clerk's docket on November 22, 2010. Ms. Bellamy's conviction became final on December 6, 2010. Using the one-year period from the date on which the judgment of conviction became final, Ms. Bellamy's present motion would have to have been filed by December 6, 2011, to be timely. Ms. Bellamy's § 2255 motion was filed on September 15, 2013, almost two years after the § 2255(f)(1) statute of limitations period expired.

Ms Bellamy acknowledges that her § 2255 motion was not timely filed under § 2255(f)(1). She argues that there is an exception to the statute of limitations defense if the petitioner brings a claim of actual innocence and a fundamental miscarriage of justice, citing *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013). *McQuiggin* does state that "[s]ensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations." *Id.* at 1932. "The miscarriage of justice exception, we underscore, applies to a severely confined

category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 1933 (internal quotation omitted).

In support of her actual innocence claim, Ms. Bellamy argues that because she stole only $490.00 in cash, the indictment did not allege a crime which affected commerce, as required by 18 U.S.C. § 1951. Seventh Circuit precedent, however, defeats her claim. *See United States v. Carr,* 652 F.3d 811, 813 (7th Cir. 2011). In *Carr,* the court held that a robbery of a convenience store of $54.00 in cash was sufficient to satisfy the statutory elements of robbery and an effect on interstate commerce under 18 U.S.C. § 1951. *Id.* "The economic harm would not necessarily depend upon the amount of money with which any particular defendant absconds." *Id.* at 814. "If retail stores, in the aggregate, have a substantial effect on commerce (which they undoubtedly do, see *United States v. Sutton,* 337 F.3d 792, 796 n. 2. (7th Cir. 2003)), then the federal government has a legitimate interest in preventing any crime like the one in this case." *Id.* at 814. The crime with which Ms. Bellamy was charged and to which she pled guilty, is "like the one in this case." *Id.* Ms. Bellamy's argument that she was actually innocent of 18 U.S.C. § 1951 fails, and therefore, the statute of limitations bars the action here.

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. § 2255 passed before Ms. Bellamy filed her motion. Her § 2255 motion is time-barred.

*Waiver*

The United States also argues that Ms. Bellamy's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement. Although the Court need not consider this additional defense in light of the timeliness issue, it will briefly discuss why it, too, lacks merit.

As noted, the plea agreement provided that in exchange for the concessions made by the United States, Ms. Bellamy "expressly agree[d] not to contest her conviction and sentence or the manner in which her conviction and sentence were determined in any proceeding, including, but not limited to, an action brought under Title 18, United States Code, Section 2255." Dkt. 25, ¶14.

The Seventh Circuit has recognized the validity of plea waivers like the one in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also United States v. Smith,* 759 F.3d 702,  (7th Cir. 2014) (rejecting a "patent" ineffectiveness of counsel exception to plea waivers); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). "When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that wavier are express and unambiguous, we will enforce those terms." *Smith,* 759 F.3d at 706.

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly

or voluntarily made, and/or can [s]he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* In the context of arguing that she was actually innocent of the crime because she lacked the mental ability to form the intent to commit the crime, Ms. Bellamy appears to assert that her plea waiver was not knowingly made. She contends that counsel was ineffective in advising her to plead guilty in light of her dissociative disorder and her admitted inability to remember the events that led to her arrest. The Court was fully aware of Ms. Bellamy's dissociative disorder, but concluded that Ms. Bellamy acknowledged that the evidence against her was overwhelming and that she must have committed the crime. Having no memory of the events does not render her innocent. Nor does it render her plea agreement unknowing. She admitted the facts of the crime under oath and cannot now undo that admission. There is no showing of ineffective assistance of counsel under these circumstances.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Ms. Bellamy has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Ms. Bellamy's § 2255 motion is barred by the waiver provision of her plea agreement.

*Bond v. United States*

Ms. Bellamy argues that *Bond v. United States,* 134 S.Ct. 2077 (2014) establishes that the court did not have jurisdiction to prosecute her because Congress did not intend 18 U.S.C. § 1951

to reach small local robberies. The Court finds no Seventh Circuit precedent for extending *Bond* to find that the Hobbs Act violates constitutional principles of federalism. Rather, it finds federal cases that reject petitioners' attempts to vacate their robbery convictions based on an extension of *Bond. See Holmes v. United States,* No. 14-cv-6626, 2014 WL 6879061 (S.D.N.Y. Dec. 5, 2014) (dismissing section 2255 motion as time-barred and holding that *Bond* has no bearing on 18 U.S.C. § 1951); *Jones v. Deboo,* No. 5:11-cv-120, 2014 WL 6471559 (N.D.W.Va. Nov. 18, 2014) (rejecting same claim that court lacked jurisdiction to convict under Hobbs Act because of *Bond*); *Pacheco v United States,* 2:12-cv-407, 2014 WL 201774 (D.Utah Jan. 17, 2014) (in rejecting same claim, noting that the 10th Circuit has held that Congress did not exceed its power when it passed 18 U.S.C. § 1951, the Hobbs Act).  *See also United States v. Walls,* 784 F.3d 543, 549, n.3 (9th Cir. 2015) (rejecting attempt to extend *Bond* to invalidate Trafficking Victims Protection Act and noting that an act having a *de minimis* effect on commerce satisfies the statutory requirement). Ms. Bellamy's arguments based on *Bond* are meritless.

>    *Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Ms. Bellamy's request for an evidentiary hearing is denied because a hearing is not warranted under these circumstances.

>    *Conclusion*

The foregoing circumstances show that Ms. Bellamy is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 3:10-cr-0001-RLY-WGH-1.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Ms. Bellamy has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**


Date:  ___10/18/2015_____

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel


NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION